SUPREME JUDICIAL COURT 
 
 DAVID JONES vs. COMMONWEALTH

 
 Docket:
 SJC-13762
 
 
 Dates:
 July 17, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts. Bail.
 
 

       The petitioner, David Jones, filed a petition in the county court, pursuant to G. L. c. 211, § 3, seeking relief from the denial of his second request for a reduction in cash bail.  A single justice of this court denied the petition, and Jones appealed.  We affirm.
      Background.  Jones stands indicted on charges of larceny over $1,200 by false pretenses, in violation of G. L. c. 266, § 30; money laundering, in violation of G. L. c. 267A, § 2 (3); and three counts of larceny of property over $1,200 from a person sixty years of age or older, in violation of G. L. c. 266, § 30 (5).[1]  The underlying charges arise from his alleged involvement in a multistate lottery scam that victimized numerous individuals, including an elderly Massachusetts resident.  At arraignment, the Commonwealth represented, inter alia, that Jones had cashed or deposited $102,000 from victims of the scam and had purchased a Cadillac Escalade for $34,000 during the same time period.  The Commonwealth further represented that the Massachusetts victim had sent another $162,000 to a codefendant of Jones, and that this codefendant sent $57,000 to Jones.  Citing these transactions, the Commonwealth requested that the court impose cash bail in the amount of $150,000.
      A judge in the Superior Court set $80,000 cash bail.  In his written and oral findings, the judge acknowledged that Jones had no criminal history or defaults.  The judge also noted that Jones had turned himself in after being arrested in Virginia and ordered to appear in Massachusetts.  See note 1, supra.  However, the judge discredited Jones's claim of indigency and found that Jones had the ability to post upwards of $237,000[2] in bail.  The judge also referenced the nature and severity of the allegations at issue, which involved larceny from an elderly and vulnerable Massachusetts resident, and Jones's purchase of a Cadillac Escalade within the same time period.
      Two weeks later, on September 10, 2024, Jones filed a motion for reconsideration, requesting that his bail be reduced to $5,000 cash on the basis that he could not afford his existing bail.  That motion was denied by the judge, who found that the Commonwealth had demonstrated that Jones received and withdrew large sums of cash,[3] and discredited Jones's "self-serving assertions" that he had not retained the money he had received from victims of the scam.  Jones sought relief from a single justice of this court, pursuant to G. L. c. 211, § 3.  That petition was denied, and Jones did not appeal.
      On January 10, 2025, Jones filed a second motion for reconsideration, once again requesting that his bail be reduced to $5,000.  Relying upon a recording of a jailhouse telephone call in which Jones's daughter offered to provide funds to cover his bail in Virginia, as well as research conducted by defense counsel concerning the type of scam purportedly at issue, Jones asserted that he could not afford even $10,000 bail and that was a victim of the scam rather than a participant.  
      The same judge summarily denied the second motion and Jones filed a second petition under G. L. c. 211, § 3.  The single justice once again denied relief, concluding that the bail judge "did not abuse his discretion or commit an error of law, in determining the necessity of bail, [Jones]'s ability to pay, and the amount of bail."  
      Jones appealed, and pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), this court ordered the appeal to proceed with full briefing.  See Falcone v. Commonwealth, 486 Mass. 1003, 1003 (2020) ("a petition under G. L. c. 211, § 3, is a proper means of obtaining interlocutory appellate review of a bail determination made in the trial court").  On appeal, Jones argues that the bail judge violated his constitutional rights by imposing a cash bail amount in excess of his ability to pay, and without properly balancing the relevant factors under G. L. c. 276, § 57, or adequately explaining the basis for imposing excessive bail.
      Discussion.  As a general matter, we review the denial of a petition under G. L. c. 211, § 3, only to determine whether the single justice committed a clear error of law or otherwise abused his discretion.  See Vasquez v. Commonwealth, 481 Mass. 747, 751 (2019).  Where, as here, the single justice reviewed the propriety of a bail order, "we focus our attention on [the single justice's] legal ruling that the bail judge did not abuse his discretion."  Id. (discussing standard of review in context of case involving charge of murder in first degree).  See Brangan v. Commonwealth, 477 Mass. 691, 697 (2017).  In effect, this requires us to determine "whether the bail judge's decision to deny the defendant's bail request involved an abuse of discretion or error of law."  Vasquez, supra.  
      As summarized supra, the bail judge issued written and oral findings upon first imposing cash bail in the amount of $80,000.  See Brangan, 477 Mass. at 708 & n.22 (given "practical difficulty" of determining whether bail amount will result in pretrial detention, which requires entry of findings to satisfy due process, "better practice is to make findings in every case" where defendant is not released and represents in good faith an inability to make bail).  Those findings demonstrate that the judge considered the relevant bail factors, including those more favorable to Jones, such as his lack of criminal history and the absence of defaults.  See id. at 698, citing Commonwealth v. Torres, 441 Mass. 499, 504 (2004) (relevant bail factors include defendant's criminal record and prior defaults, family and residential ties to community, financial resources, character and mental condition, as well as nature and circumstances of offense).  At the same time, the judge weighed the nature of the charges and the strength of the Commonwealth's case, as well as the fact that Jones is not a resident of Massachusetts and had received substantial sums of money in the months before his arrest.  Cf. Pinney v. Commonwealth, 484 Mass. 1003, 1006 (2020), S.C., 487 Mass. 1029 (2021) (bail judge's written and oral findings in case of murder in first degree were sufficient to satisfy due process, where judge weighed defendant's "finances and work history, the fact that [the defendant] does not have family in Massachusetts, and the nature of the charges and the strength of the Commonwealth's case").
      In light of these findings, we discern no abuse of discretion in the judge's denial of the second motion for reconsideration, where the motion does not demonstrate changed circumstances that disturb these findings.  To be sure, the judge summarily denied the motion without providing additional written findings.  However, "the judge was not acting on a blank slate," and his existing findings "remained relevant and applicable, forming the backdrop" for the judge's subsequent ruling on the second motion.  Pinney, 484 Mass. at 1006 (court remained "satisfied that any shortcomings in [second judge's] explanation do not rise to the level of a deprivation of [defendant's] due process rights," when considered in light of first judge's findings as to appropriate bail amount).  Indeed, the second motion for reconsideration relied on information that had already been presented to the bail judge before he made his initial findings -- namely, information that Jones had used a bail bondsman in Virginia and that scammers sometimes use victims to facilitate the transfer of money from other victims.  That is, Jones failed to identify an actual change in circumstances to support a reduction in the cash bail amount.  See Boisvert v. Commonwealth, 487 Mass. 1027, 1028 (2021) (defendant not entitled to relief where he "did not articulate any changed circumstances that would warrant" bail reduction).  
      Moreover, the bail judge was not obligated to credit Jones's suggestion that he was a financially impoverished victim of the scheme who simply passed along the large sums of money that he had received, particularly given the Commonwealth's evidence concerning Jones's financial transactions in the months leading up to his arrest.  See Brangan, 477 Mass. at 707 n.21 ("The judge . . . is not bound by a defendant's representation as to what bail he can reasonably afford, and [the judge] may indicate that [he] is not convinced, based on the record, that the defendant cannot post bail in the amount set by the judge").  See generally Walsh v. Commonwealth, 485 Mass. 567, 591 (2020) ("preponderance of the evidence" is appropriate standard for bail hearings, even where court imposes unaffordable bail, given "relatively limited" evidence available to judges at such hearings).  Accordingly, Jones's second motion for reconsideration failed to demonstrate changed circumstances, and the single justice properly concluded that the bail judge did not abuse his discretion in denying relief.[4]
                                          
 
Judgment affirmed.
footnotes

      The case was submitted on briefs.
      Patrick Levin, Committee for Public Counsel Services, for the petitioner.
      Zachary D. Grube, Assistant District Attorney, for the Commonwealth.
               [1] Jones was initially arrested on a fugitive warrant in his home State of Virginia.  After being released from detention in Virginia on a $10,000 bond, Jones turned himself in to authorities in Massachusetts.
          [2] This number appears to be based upon the total amount of money that the Massachusetts victim allegedly sent to Jones and his codefendant.
               [3] In its opposition to Jones's motion for reconsideration, the Commonwealth attached copies of the checks that Jones had allegedly deposited from victims of the scam, evidence of withdrawals from his account during the same time period, and paperwork reflecting Jones's purchase of the Cadillac Escalade.
          [4] Jones has requested, in the alternative, that we remand this matter to the county court for the single justice to consider recent changes to his medical condition.  In support of his request, Jones has moved to file an impounded supplemental record appendix containing new medical records, as well as a copy of a renewed bail motion that he has since filed in the Superior Court based on these medical records.  Jones states that the proposed appendix "is tendered not as record evidence, but as a proffer" of the medical documentation that he would submit upon remand to the single justice.
             Because Jones has independently moved for bail relief in the Superior Court based on these medical records, and that motion has yet to be decided, we decline to remand this matter to the single justice for consideration of the same.  Accordingly, Jones's motion to file an impounded supplemental appendix containing the documents he would submit upon remand is hereby denied.